**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RICARDO A. GOMEZ and DEBORA GOMEZ, <br><br> Plaintiffs, <br> v. <br><br> CAVALRY PORTFOLIO SERVICES, LLC, and CAVALRY SPV I, LLC, <br><br> Defendants. | Case No. 1:14 cv 09420 <br><br> Judge Andrea Wood |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

### I. INTRODUCTION

Defendants seek to have this Court approve their practice of buying an account and trying to collect retroactive interest from debtors that the original creditor waived. Bank of America ("BOA"), the original creditor of plaintiffs' account, charged off plaintiffs account, didn't send statements to plaintiffs for two years, didn't add interest to plaintiffs' account for two years and prepared a statement for plaintiffs telling them that no interest had been charged. BOA engaged in a regular practice of waiving interest in order to be "consumer-friendly."

Defendants attempted to collect interest from plaintiffs for the period of time prior to their ownership of the account when BOA waived interest. This violates the Fair Debt Collection Practices Act ("FDCPA"). Both defendants are debt collectors whose principal purpose is the collection of debts, the letter which contained the violation was sent to further defendants' goal of collecting from plaintiffs, and each letter which defendants sent in an attempt to collect retroactive interest violated the FDCPA. This Court should find that defendants improperly attempted to collect interest which BOA waived and thus violated the FDCPA.

1

## II. BANK OF AMERICA WAIVED POST CHARGE OFF INTEREST ON PLAINTIFFS' ACCOUNT

Waiver can be shown or inferred "from the conduct of the party who is alleged to have waived a right." *Ryder v. Bank of Hickory Hills*, 146 Ill.2d 98, 585 N.E.2d 46, 49 (1991). BOA's standard practice for its accounts shows that it affirmatively chooses not to charge interest post-charge-off as a business decision. ███████████████████████████████████████████ Plaintiffs' Statement of Material Facts ("SMF") Exhibit D. Defendants' position that BOA's non-addition of interest is merely an internal accounting practice would make nonsense of BOA's testimony. Defendants' Response to Plaintiffs Motion for Summary Judgment ("Def. Resp.") p. 5. An action that is intended to be "consumer friendly" is indisputably one of which consumers are meant to become aware. There would be nothing consumer friendly about a practice entirely internal to BOA which only impacted BOA's books.

The statement prepared by BOA for plaintiffs' account evidences the information that BOA sought to convey to plaintiffs in July 2011 – that no interest had been charged to the account and that BOA did not seek to collect anything beyond the charge-off balance from plaintiffs. Whether the plaintiffs actually saw the statement is not relevant. The statement contains plaintiffs' address, was clearly prepared for sending, and shows what BOA considered the debt to be. Defendants' attempts to undermine the relevance of the statement are unavailing.

Defendants asked several questions to BOA which called for legal conclusions and improperly present the answer to those questions as facts. Def. Resp. p. 6. The BOA deponent cannot testify to whether post-charge off interest is legally collectible. Defendants' Additional Material Facts ("DAMF") ¶6. That is a legal question, not a question of fact. The BOA deponent cannot testify to whether BOA intended to give up a right when it chose not to exercise its contractual rights. DAMF ¶5. That is a legal question, not a question of fact. Furthermore,

defendants' additional material fact does not even stand for the proposition for which it is cited. The BOA deponent did not in fact testify to whether BOA was or was not intending to give up a legal right when it chose not to assess interest. Defendants' additional material fact merely states that BOA did not give up its rights <u>by charging off the account</u>. DAMF ¶5. Defendants then attempt to twist that "fact" to allege that "[b]y choosing not to exercise a particular contractual right…BOA does not intend to give up that right." Def. Resp. p. 6. Defendants' "fact" says nothing about BOA's choice to not exercise a right. Defendants' misguided attempt to usurp the Court's prerogative to make legal conclusions, couch legal conclusions as facts, and misrepresent their own "material facts" must be denied.

Whether or not the agreement applicable to plaintiffs' debt contained a non-waiver clause is irrelevant. Applied to post-charge-off interest, a non-waiver clause would mean that BOA's failure to exercise its right to assess interest in any given month after charge-off does not waive its right to assess interest *in the ensuing month* (assuming BOA gives proper notice and complies with legal prerequisites such as sending an account statement to plaintiff). If, say, after twenty months of not assessing post-charge-off interest, BOA decided to begin assessing interest again, the no-waiver clause allows it to do so. But, per Truth in Lending requirements, interest could only be charged after sending a statement to the Gomezes and giving them the opportunity to pay the charge-off balance. 12 C.F.R.§ 1026.5(b)(2)(i). In the event the balance was not paid, BOA could assess interest going forward. It cannot however, nor can defendants in its stead, change its mind and decide to charge interest it has already waived for prior time periods. Ultimately, there is no testimony or evidence that the contract applicable to plaintiffs' debt contained a non-waiver clause.

. Defendants' Response to Plaintiffs' Statement of Material Facts ("Def. Resp. SMF") ¶21; Def. Resp. p.10. ███████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ Def. Resp. p. 10. In fact, BOA testified that ████████████████████ ████████████████████████████ Def. Resp. SMF, Ex. 1. ███████████ ████████████████████████ Def. Resp. SMF Ex. 1. ███████████████ ██████████████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████. Plaintiffs' Statement of Material Facts ("SMF") ¶21. The document speaks for itself. The evidence shows that BOA consciously chose not to charge interest to plaintiffs' account and not send periodic statements to plaintiffs. BOA thus waived its right to charge interest on plaintiffs' account for the period after it charged-off the account and before it sold the account to defendants.

### III. DEFENDANTS' ATTEMPT TO DISTINGUISH THE RELEVANT CASE LAW IS UNAVAILING

Defendants' attempt to distinguish *In re 400 Walnut Associates, L.P.*, 461 B.R. 308 (E.D. Pa. 2011), *rev'd on other grounds*, 473 B.R. 603 (E.D. Pa. 2012) is unavailing. In *400 Walnut*, the court held that the assignor bank's failure to assess compound interest constituted a waiver of that interest for the period of time that the assignor bank held the note. *Id* at 314. Defendants argue that the instant case is distinguishable from *400 Walnut* because, unlike the assignor bank in *400 Walnut*, "there is no evidence here that BOA issued monthly account statements that failed to reflect the imposition of interest." (Def. Resp., p. 12)

Defendants misconstrue the *400 Walnut* court's rationale for finding waiver. The court's finding of waiver did not turn on whether the assignor bank issued periodic statements reflecting the accrual of compound interest. Rather, the court found waiver because a) no compound interest had been assessed for a significant period of time (as evidenced by periodic statements) and b) as a sophisticated lender, the assignor bank was presumed to know its rights with respect to the accrual of interest. *In re 400 Walnut*, 461 B.R. at 314. Here, by its own admission, BOA did not assess post-charge-off interest for a period of approximately two years; and, as one of the largest banks in the world, BOA is presumed to know its rights with respect to the accrual of interest. As in *400 Walnut*, this Court should find that BOA knowingly waived its rights to collect post-charge-off interest.

Defendants' effort to distinguish *Padilla v. Ghuman*, 183 P.3d 653 (Colo. 2007) is also unavailing. *Padilla* held that, after the borrower went into default, the lender's failure to assess interest at a default interest rate, and the lender's failure to manifest its intention to assess default-rate interest, constituted a waiver. *Id*. at 659-660. Defendants argue that *Padilla* is distinguishable because "Defendants are not seeking to impose a discretionary increased interest rate that requires some triggering event, but instead are simply seeking to recover the standard interest rate called for in the contract." (Def. Resp., p. 12)

However, there is also no meaningful difference between the BOA agreement and the agreement in *Padilla.* The default interest rate in *Padilla* was set by contract, *Id*. at 659, just as the rate of interest assessed post-charge-off is set by contract. Similarly, BOA, like the lender in *Padilla*, had discretion to impose post-charge-off interest or not. Finally, BOA, like the lender in *Padilla*, was required to manifest its intention to impose charge-off interest, in the form of periodic statements. 12 C.F.R.§ 1026.5(b)(2)(I). If BOA wanted to charge post-charge-off

interest, it had to accurately state what it was doing. ███████████████████████

███████████████████. SMF ¶21.

There is no relevant distinction between *McDonald v. Asset Acceptance LLC*, 296 F.R.D. 513 (E.D. Mich. Aug. 7, 2013) *vacated pursuant to settlement* in 2016 WL 7325655 (E.D.Mich. June 23, 2016) and the instant case. There, the original creditors testified that part of their decision to cease adding post charge-off interest was "because continuing to charge interest requires [the original creditor] to send periodic statements to account holders and incur additional costs." *McDonald*, 296 F.R.D. at 525. Here, BOA testified ██████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████ (SMF, Ex. D, 25:11-20). The bottom line is the same: in both instances, the original creditors made conscious business decisions that it was *better off for them as a company* to cease adding post charge-off interest.

### IV. WAIVER MAY BE DECIDED ON SUMMARY JUDGMENT WHEN THE EVIDENCE IS CLEAR

Under Illinois law, waiver is defined as the "voluntary relinquishment of a known right and arises from an affirmative, consensual act consisting of an intentional relinquishment of a known right." *Center Partners, Ltd. v. Growth Head GP, LLC*, 2012 IL 113107, 981 N.E.2d 345, 366. Although waiver is typically a question of fact, it may be decided on summary judgment. *Florsheim v. Travelers Indem. Co. of Illinois*, 75 Ill.App.3d 298, 307, 393 N.E.2d 1223 (1st Dist. 1979)(finding that a summary judgment decision on waiver may be appropriate). Waiver may be a question of law where there is no dispute as to the material facts. *Richelieu Foods Inc. v. New Horizon Warehouse Distribution Center, Inc.*, 67 F.Supp.3d 903, 913 (N.D. Ill. 2014). Here,

there is no dispute that BOA charged off the account, did not send periodic statements and did not charge interest. SMF ¶13, 17, 20. The only outstanding question is the legal interpretation of those undisputed facts.

V. **DEFENDANTS' CITATIONS ARE DISTINGUISHABLE**

Citing *Index Futures Group, Inc. v. Schmidt*, No. 92 C 4353, 1997 WL 109978 (N.D.Ill. March 7, 1997), defendants assert that "what happens behind the scenes on a bank's books cannot be construed to alter or waive a party's legal rights and obligations under a contract." Defs' Resp. p. 8. Undoubtedly, BOA's failure to charge interest *was* due to internal policies, but that does *not* mean that such policies do not constitute a waiver. Prior to February 22, 2010, most banks prudentially did not add interest to charged off debts because, for regulatory reasons, they wanted to minimize the number and amount of bad debts on their books. Prior to February 22, 2010, banks were *required* to issue periodic statements on an account until the bank "[deemed] it uncollectible," or instituted legal proceedings. 12 C.F.R. §1026.5(b)(2). The addition of interest could be construed as meaning that the debt was *not* deemed uncollectible, 26 C.F.R. §1.6050P-1, and so banks chose to waive the interest after charge-off. Waiving the interest on plaintiff's account saved BOA money as it did not have to incur the cost of sending periodic statements to plaintiff and BOA could reasonably conclude that a financially distressed customer who already wasn't paying principal was even less likely to pay if the amount demanded continually increased.

As amended, 12 C.F.R. § 1026.5(b)(2) now requires banks to send periodic statements on all accounts, including defaulted accounts, for any period during which interest or fees are added to the account. 12 C.F.R.§ 1026.5(b)(2)(i) ("A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted,

7

if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account. . . ."). Banks generally prefer to waive the interest and save the expense of preparing and sending statements. Testimony of representatives that the creditor decided to cease adding interest in accordance with specific policies is waiver. *McDonald* at 525.

Defendants misconstrue the import of the cases which they cite. None of the cited cases state that the fact of charge-off cannot be a part of the analysis of waiver, only that charge-off cannot be the sole evidence of waiver. Here, the fact that BOA charged off plaintiffs' debt is merely a single factor amongst multiple others indicating that BOA waived post-charge off interest while it held the debt. In *Bunce v. Portfolio Recovery Associates*, No. 14-2149-JTM, 2014 WL 5849252 (D. Kan. November 12, 2014) plaintiffs sought to show that Portfolio Recovery Associates had no right to collect any interest at all after charge-off. Plaintiffs here seek only to show that defendants had no right to collect interest for the period prior to their purchase of the account. Additionally, *Bunce* specifically distinguishes cases, where, as here, the original lenders took voluntary actions (failure to send periodic statements, preparation of a final statement) demonstrating an intention to waive interest charges. *Id.* at 2.

In *Stratton v. Portfolio Recovery Assocs. LLC*, 171 F.Supp.3d 585 (E.D.Ky. Mar. 21, 2016) *affirmed by* 2016 WL 3616383 (6th Cir. August 23, 2017), the court specifically noted that its decision might have been different if the creditor represented to debtors that the debt amount was unchanged. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. SMF ¶21. *Stratton* also noted that the agreement at issue there contained a non-waiver clause. *Stratton* at 601. Despite defendants' attempts to

8

suggest that plaintiffs' credit card agreement contained a non-waiver clause, the agreement is not available and cannot be assumed to contain a non-waiver clause.

The analysis of *Terech v. First Resolution Mgmt Corp.*, 854 F.Supp.2d 537 (N.D.Ill. 2012) regarding the cessation of statements is irrelevant to the instant case because plaintiff sought to use the fact that no statements were sent by his original creditor to prove that interest was not assessed. ▋. SMF ¶15. Defendants misrepresent the conclusions of *Stratton* and *Terech*, which only commented that periodic statements add nothing to the inquiry into whether interest was applied, not that periodic statements add nothing to the inquiry into whether interest was waived.

Defendants also cite *Colonial Savings, F.A. v Public Service Employees Credit Union*, No. 08-cv-02282, 2010 WL 363394 (D.Colo., Jan. 27, 2010), *Home Depot v. New York PSC*, 868 N.Y.S.2d 770 (N.Y.App.Ct. 2008), and *Dompeling v. Abraham*, 2005 WL 2628832, *20 (Cal.App. 5 Dist., Oct. 17, 2005). *Colonial Savings* and *Home Depot* do not support defendants' argument. Neither case even deals with the concept of waiver. They involve contract disputes among parties where neither party asserts waiver as a claim or defense. It is wholly disingenuous to compare traditional contract cases to a case where waiver is at issue. Waiver, by definition, alters the written word of the contract. The contract provisions themselves are what are being waived. It is nonsensical to take language about strict contract interpretation from traditional breach of contract cases and apply that language to a waiver situation. *Dompeling* refers, in a damages context, to a debt still being owed once it is charged-off. Plaintiffs' argument here is not that defendants had no right to collect upon the debt because BOA charged it off. Therefore, *Dompeling* is not instructive here.

Citing *New Century Fin. Servs Inc. v. Anarah*, No. DC-001163-05, 2007 WL 1412112 (N.J. Super. May 15, 2007), and *Unifund CCR Partners v. Urban*, No. CV0440003115, 2005 WL 3624541 (Conn. Super., Dec. 8, 2005), defendants also argue (Defs' Resp., p. 9) that the fact that an account is charged-off does not mean that interest does not accrue on the account. To be sure, interest does accrue on some accounts in some circumstances after charge-off. The issue is whether interest accrues after charge-off when the credit issuer *chooses* not to assess interest because doing so would require sending statements to the consumer, it is less costly not to send statements and ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ SMF ¶17, Exhibit D to SMF. Neither *Anarah* nor *Urban* address that issue.

In *Anarah*, a debt buyer sued the defendant on a delinquent credit card debt. The defendant disputed the amount claimed, but the trial and appellate courts held that the defendant had not proven his defense. In *Urban*, the defendant was sued by a debt buyer on a delinquent credit card account. The defendant argued that he did not have to pay anything because after the account was charged-off, he received notice that his account had a $0 balance. The court rejected that argument and held that he owed the amount claimed. *Anarah* and *Urban* simply have nothing to do with this case.

Along with being false, the idea that accounting practices cannot constitute waiver is inapplicable. It is inapplicable because Plaintiff's waiver argument is not based solely upon the internal accounting practices of BOA. Waiver is shown here by BOA's conduct after charging-off plaintiff's Account. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. SMF ¶21.

## VI. WAIVER DOES NOT REQUIRE CONSIDERATION

There is no need for BOA's waiver to have been supported by consideration. Implied waiver is determined under Illinois law as this Court applies the substantive law of the state in which it sits, where, as here, there is nothing evidencing a different choice of law. *Peerman v. AC & S, Inc.* 866 F. Supp. 388, 388 (S.D. Ind. 1993); *Dooley v. United Indus. Corp.* 10-cv-37-JPG, 2010 WL 3522807 (S.D. Ill. Sept. 2, 2010); *Baker v. Antwerpen Motorcars Ltd.*, 807 F.Supp.2d 386, 389 N.13 (D.Md. 2011)("In a federal question [claim] that incorporates a state law issue … a district court applies the choice-of-law rules of the state in which it sits…"). Defendants do not cite any cases interpreting Illinois law which stand for the proposition that waiver must be supported by consideration. Illinois law does not require that waiver be supported by consideration. The Seventh Circuit has recognized that courts often hold that implied waiver can be found without any detrimental reliance or exchange of consideration. *Thomason v. Aetna Life Ins. Co.* 9 F.3d 645, 648 (7th Cir. 1993). The Illinois Supreme Court has discussed implied waiver with no inquiry into the question of consideration. *Center Partners Ltd. v. Growth Head GP*, 2012 IL 113107 ¶66, 981 N.E.2d 345; *Home Ins. Co. v. Cincinnati Ins. Co*, 213 Ill.2d 307, 326, 821 N.E.2d 269 (2004); *Ryder v. Bank of Hickory Hills*, 146 Ill.2d 98, 104-105, 585 N.E.2d 46 (1991).

Defendants' cases are inapplicable, as they relate to implied waiver under the law of non-Illinois jurisdictions. *Parkside Senior Services v. Nat'l Dev. And Consultants, Ltd.,* 303 Ill.App.3d 1022, 709 N.E.2d 605 (1st Dist. 1999)(North Carolina law); *Washington Nat. Ins. Co. v. Hendricks*, 855 F.Supp. 1542 (W.D. Wisc. 1994) (ERISA claim); *Conn Aire, Inc. v. J.C. Leasing*, 921 F.2d 276 (6th Cir. 1990)(Tennessee law); *Richey v. Perry Arnold, Inc.*, 391 S.W.3d 705 (Ky. 2012)(Kentucky law); *DCNC N.C. I, LLC v. Wachovia Bank, N.A.,* No. 09-3775, 2009 WL 3209728 (E.D. Pa. Oct 6, 2009)(North Carolina law); *Mark-It Place Foods, Inc. v. New Plan*

*Excel Realty Trust, Inc*. 156 Ohio App. 3d 65, 804 N.E2d 979 (Ohio App. 2004)(Ohio law). Defendants' argument is simply inapplicable here.

### VII. PLAINTIFFS HAVE STATED A CLAIM UNDER §1692f(1)

Defendants argue (Defs' Resp. p. 15) that the retroactive interest they attempted to collect from plaintiff was authorized by the BOA agreement and therefore summary judgment should be denied to plaintiff's claim under 15 U.S.C. §1692f (1), which prohibits the collection of any amount (including interest, fee, charge or expense incidental to the principle obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. Defendants are wrong because there is nothing to show that the BOA agreement that provided that, once BOA waives post-charge-interest, a subsequent purchaser can tack that interest on to the account and try to collect it.

### VIII. PLAINTIFFS' CLAIMS ARE NOT BARRED BY THE STATUTE OF LIMITATIONS

In their introduction, defendants reference their assertion that plaintiffs' claims are barred by the statute of limitations and incorporate the arguments of their Motion for Summary Judgment and Memorandum by reference. Def. Resp. p. 2. Defendants' assertions must fail. Several of the decisions to which defendants cite to support their statute of limitations argument are based on the decision in *Nutter v. Messerli & Kramer, P.A.*, 500 F. Supp.2d 1219, 1223 (D.Minn. 2007). *See Reese v. JPMorgan Chase & Co.*, 686 F.Supp.2d 1291 (S.D.Fla. 2009); *Wirtz v. JPMorgan Chase Bank, N.A.*, No. 185 F.Supp.3d 1140 (D.Minn. May 9, 2016). The Eighth Circuit has repudiated the conclusion of *Nutter*, saying "it does not matter that the debt collector's violation restates earlier assertions – if the plaintiff sues within one year of the violation, it is not barred by §1692k(d). *Demarais v. Gurstel Chargo P.A.*, 2017 WL 3707437 *5

(8th Cir. August 29, 2017). Any other rule would immunize debt collectors from later wrongdoing. *Solomon v. HSBC Mortg. Corp.* 395 Fed. Appx. 494, 497 n.3 (10th Cir. 2010).

## IX. CONCLUSION

For the foregoing reasons, and those set forth in plaintiffs' motion and memorandum and plaintiffs' response to defendants motion for summary judgment, plaintiffs respectfully ask the Court to grant plaintiffs' motion for summary judgment and deny defendants' motion for summary judgment.

Respectfully submitted,

s/Emiliya Gumin Farbstein
Emiliya Gumin Farbstein

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Emiliya Gumin Farbstein
EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)