**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RICARDO A. GOMEZ and DEBORA GOMEZ, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:14 cv 09420 |
| CAVALRY PORTFOLIO SERVICES, LLC, and CAVALRY SPV I, LLC, | ) ) ) | Judge Andrea Wood |
| Defendants. | ) | |

**PLAINTIFFS' POSITION AS TO APPLICATION OF SUMMARY
JUDGMENT RULING TO DECLARATORY AND EQUITABLE RELIEF**

Plaintiffs respectfully submit their position as to the application of this Court's ruling on the parties' motions for summary judgment (Dkt. No. 155) to Plaintiffs' claims for declaratory and equitable relief (Count II, Dkt. No. 99). For the following reasons, Plaintiffs' position is that the Court's grant of Defendants' and denial of Plaintiffs' motion for summary judgment as to the FDCPA claim asserted in Count I, does not extinguish the declaratory and equitable relief sought in Count II, and that, in fact, the Court's ruling establishes that judgment should be entered in favor of Plaintiffs as to the claims asserted in Count II.

The basis of Plaintiffs' position is as follows:

1.      On July 7, 2017, the parties filed cross motions for summary judgment related to Count I of Plaintiffs' Third Amended Complaint ("Complaint") asserting that Defendants' debt collection letter violated the FDCPA. (Dkt. Nos. 105 and 108). Neither party sought summary judgment as to Count II of Plaintiffs' complaint seeking declaratory and equitable relief. *Id.*

2. On September 24, 2018, this Court entered its Memorandum and Opinion, granting Defendants' and denying Plaintiffs' motions for summary judgment. *Gomez, et al. v. Cavalry Portfolio Services, LLC et al.*, No. 14-CV-09420, 2018 WL 4590026 (N.D. Ill. Sept. 24, 2018).

3. Count I of Plaintiffs' Complaint asserted that the inflated debt amount demanded in Defendants' March 21, 2014 letter, which included interest that was waived by Bank of America ("BOA"), the original creditor, was a deceptive and unfair practice in violation of the FDCPA, 15 U.S.C. §§ 1692e and f. *Gomez, et al. v. Cavalry Portfolio Services, LLC et al.*, No. 14-CV-09420, 2018 WL 4590026 at *5 (N.D. Ill. Sept. 24, 2018).

4. Count II of Plaintiffs' Complaint seeks (1) a declaration that Defendants may not add interest to a debt for a period prior to the alleged ownership of the debt by Cavalry SPV that had not been added by the holder of the debt at that time; and (2) an injunction prohibiting defendants from demanding such interest or reporting such interest to the credit bureaus.

5. In the September 24, 2018 opinion, this Court held that Plaintiffs' had established that BOA had waived "its right to charge and collect post-charge-off interest," and that because Defendants were assignees of the debt, "Defendants only acquired the rights that BOA had as of the date of assignment." As a result, this Court held that because "BOA waived its right to post-charge-off, pre-sale interest, Defendants did not acquire the right to this interest and could not seek it from Plaintiffs." *Gomez, et al. v. Cavalry Portfolio Services, LLC et al.*, No. 14-CV-09420, 2018 WL 4590026 at *4 (N.D. Ill. Sept. 24, 2018).

6. Although this Court found that Defendants did not have a legal right to retroactively impose interest which had been waived by the assignor of the debt, this Court ultimately found that the March 21, 2014 collection letter was not "false, deceptive, or misleading," in violation of the FDCPA because the letter did "not tell the reader anything about what kind of debt it is, and it

2

certainly does not indicate that Defendants are including post-charge-off, pre-sale interest in the debt." *Id.* at *6.

7.      Specifically, this Court held that the "only way that the [March 21ˢᵗ] letter could conceivably be construed as false, deceptive, or misleading is if it is considered in conjunction with the previous letters sent by … Defendants" but because this Court had previously dismissed the claims related to the earlier letters, as beyond the FDCPA's one-year statute of limitations, the March 21, 2014 letter standing alone, did not violate the FDCPA.

8.      This Court's September 24, 2018 opinion did not specifically address the declaratory and equitable relief sought by Plaintiffs in Count II of their Complaint.

9.      On September 25, 2018, this Court asked the parties for their position as to whether the Court's ruling on Plaintiffs' FDCPA claim, also extinguished Plaintiffs' claim for declaratory and equitable relief asserted in Count II of their Complaint.  (Dkt. No. 158)

I.  **THE COURT'S FINDING THAT DEFENDANTS' COLLECTION LETTER WAS NOT DECEPTIVE OR MISLEADING IS NOT A FINDING AS TO THE AMOUNT WHICH DEFENDANTS CAN LEGALLY CLAIM FROM PLAINTIFFS AND REPORT TO THE CREDIT BUREAUS**

10.      Plaintiffs' declaratory relief seeks a declaration as to the amount that Defendants' can assert against them and legally report as the amount of debt to the credit bureaus.  It is a separate cause of action seeking a defensive declaration as to the amount owed.

11.      Plaintiffs' FDCPA claim required this Court to first determine if Defendants can lawfully demand an amount which included the waived interest, and if so, then determine that the language in the letter was false deceptive or misleading.  *Gomez, et al. v. Cavalry Portfolio Services, LLC et al.*, No. 14-CV-09420, 2018 WL 4590026 at *6 (N.D. Ill. Sept. 24, 2018) (the

letter "only violates the FDCPA if it constitutes "any false, deceptive or misleading representation or means.")

12.     This Court's ruling that the March 21, 2014 letter was not misleading or deceptive because it did "not tell the reader anything about what kind of debt it is, and it certainly does not indicate that Defendants are including post-charge-off, pre-sale interest in the debt," does not address the relief sought by Plaintiffs in their declaratory judgment claim which specifically seeks a determination of the amount legally owed, reportable to the credit bureaus, and otherwise collectible.

13.     Plaintiffs are not seeking a declaration that Defendants attempts to collect unauthorized interest is a violation of the FDCPA.  Plaintiffs declaratory and equitable relief is a request for a declaration as to the amount owed and an injunction preventing Defendants' from reporting to the credit bureaus or seeking higher amounts which are a result of waived interest.

14.     A declaration as to the amount legally owed is not resolved by a finding that the March 21, 2014 collection letter was not misleading or deceptive.

15.     Thus, this Court can, and in fact did, find that Defendants "did not acquire the right" to collect post-charge-off, pre-sale interest, and "could not seek it from Plaintiffs."  This is not affected by the Court's decision that the language contained in the March 21, 2014 did not rise to the level of a deceptive and misleading communication under the FDCPA.

16.     Thus, this Court's September 24, 2018 Opinion does not address Count II of Plaintiffs' Complaint seeking declaratory and equitable relief such that a Final Order and Judgment may be entered as to all claims and this Court must make a separate finding as to Count II in order to resolve all claims asserted in the Complaint.

## II.   PLAINTIFFS' CLAIMS FOR DECLARATORY AND EQUITABLE RELIEF ARE NOT TIME BARRED AND REQUIRE A RULING BY THIS COURT

17.    To the extent that this Court's holding that "Plaintiffs have not shown the existence of a claim that falls within the statute of limitations period," was intended to resolve Plaintiffs' declaratory and equitable relief claim, Plaintiffs respectfully disagree that their declaratory judgment claims are subject to the FDCPA's one-year statute of limitations or are otherwise time-barred by some other limitations period.

18.    "Limitations statutes do not apply to declaratory judgments…" *Luckenbach S. S. Co. v. United States*, 312 F.2d 545, at 549 n. 3 (2d Cir. 1963)

19.    This is because statutes of limitation generally operate to bar claims, not defenses. *See, e.g., Luckenbach S. S. Co. v. United States*, 312 F.2d 545, at 549 n. 3 (2d Cir. 1963)("The law is well settled that limitations do not usually run against a defense."); *United States v. W. Pac. R.R. Co*., 352 U.S. 59, 72 (1956) ("To use the statute of limitations to cut off the consideration of a particular defense in the case is quite foreign to the policy of preventing the commencement of stale litigation.").

20.    As such, courts hold that where, as here, a declaratory judgment action is in the nature of a defense, there is no possible statute of limitations. *Luckenbach*, 312 F.2d at 549 ("Non-liability for which plaintiff seeks a declaration is not a 'cause of action' within the meaning of the limitations section. Non-liability is the negative of the claim or cause of action with respect to which the declaration is sought. For purposes of the statute of limitations non-liability is inextricably linked with that cause of action. So long as the claim can be made, its negative can be asserted."); *Francesca Records v. Geils Unlimited Research, LLC*, No. 12--11419--FDS, 2013 WL 1000422, at *8 (D. Mass. Mar. 12, 2013) (agreeing with plaintiff that statute of limitations did not

bar claims because they were "in effect, affirmative defenses . . . asserted through the permissible vehicle of declaratory judgment claims"); *Rymer Foods, Inc. v. Morey Fish Co*., No. 94 C 1239, 1995 WL 548595, at *2 (N.D. Ill. Sept. 13, 1995) ("Since defendant's claim for reimbursement of the paid damages is still viable, plaintiff's defense to that claim (asserted in this action as an affirmative request for a declaration of non-liability) is not time-barred. . . . Thus, the court holds that Rymer's suit for declaratory judgment is not time-barred.").

21.     In *Luckenbach*, the Second Circuit concluded that no limitations period applied where plaintiff "[sought] a declaration that it [was] not liable to the defendant on a claim which [had] been asserted by the defendant, but on which the defendant [had] failed to bring suit." *Luckenbach*, 312 F.2d at 547. The court explained that the plaintiff sought to assert a defense and that "[t]he law is well settled that limitations do not normally run against a defense. The principle has often been expressed in the figure of speech that the statute is available only as a shield, and not as a sword." Id. at 549 n.3.

22.     What determines the applicable limitations period is "the basic nature of the suit in which the issues involved would have been litigated if the Declaratory Judgment Act had not been adopted." *118 E. 60th Owners, Inc. v. Bonner Properties, Inc*., 677 F.2d 200, 202 (2d Cir. 1982); *Romer v. Leary*, 425 F.2d 186, 188 (2d Cir. 1970).

23.     Defendants continue to maintain Plaintiffs' and the class members debts on their books and continue to attempt to collect those debts and report the amounts to the credit bureaus. The equitable relief sought by Plaintiffs is a declaration as to the amount Defendants can lawfully seek from Plaintiffs' and the class members and also the amount which Defendants can legally report to the credit bureaus as the amount of the debt.  The underlying "claim" for which these are defenses is not the FDCPA claim, it is the enforcement of the debts ***by Defendants*** and ***against***

6

*the Plaintiffs* and the Class members. *Morris v. Manufacturers Life Ins. Co.*, No. EV 95-142-C H/H, 1997 WL 534156, at *10 (S.D. Ind. Aug. 6, 1997)( Where plaintiffs did " not seek a declaration as to the validity of a defense to a threatened action for coercive relief against them," but instead requested a declaration "that defendants are liable for fraud and/or breach of an oral contract," the equitable relief sought was affirmative and not defensive.); Compared to: *Rymer Foods, Inc. v. Morey Fish Co.*, 1995 WL 548595 at *2 (N.D.Ill. Sept. 13, 1995) ("Since defendant's claim for reimbursement of the paid damages is still viable, plaintiff's defense to that claim (asserted in this action as an affirmative request for a declaration of non-liability) is not time-barred.")

24.     In *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 415, 118 S.Ct. 1408, 140 L.Ed.2d 56, the Supreme Court held that "the object of a statute of limitation in keeping stale litigation out of the courts would be distorted if the statute were applied to bar an otherwise legitimate defense" because this approach "would provide an incentive to delay bringing some claims until a defense would be time-barred," so as "to permit a party to place a question before a court and then prevent the opposing party from disputing issues lying at the foundation of the claim."

**III.     BECAUSE THIS COURT HELD THAT DEFENDANTS DO NOT HAVE A LEGAL RIGHT TO COLLECT WAIVED INTEREST FROM THE PLAINTIFFS, JUDGMENT MUST BE ENTERED IN PLAINTIFFS' FAVOR AS TO COUNT II**

25.     Count II of Plaintiffs' Complaint seeks (1) a declaration that Defendants may not add interest to a debt for a period prior to the alleged ownership of the debt by Cavalry SPV that had not been added by the holder of the debt at that time; and (2) an injunction prohibiting defendants from demanding such interest or reporting such interest to the credit bureaus.

26.     Thus, Plaintiffs' declaratory relief seeks a declaration as to the amount that Defendants' can assert against them and legally report as the amount of debt to the credit bureaus.

27.     This Court has already held that Defendants are not legally entitled to demand interest waived by the creditor prior to assignment of the debt which, in turn, prevents Defendant from reporting to the credit bureau an amount which includes the waived interest. *Gomez, et al. v. Cavalry Portfolio Services, LLC et al*., No. 14-CV-09420, 2018 WL 4590026 at *4 (N.D. Ill. Sept. 24, 2018).

28.     Specifically, this Court has held that Plaintiffs' had established that BOA had waived "its right to charge and collect post-charge-off interest," and that because Defendants were assignees of the debt, "Defendants only acquired the rights that BOA had as of the date of assignment."  As a result, this Court held that because "BOA waived its right to post-charge-off, pre-sale interest, Defendants did not acquire the right to this interest and could not seek it from Plaintiffs." *Id*. at *4 (N.D. Ill. Sept. 24, 2018).

29.     As this Court has already decided the issue of the amount that Defendants can legally enforce and report to the credit bureaus against Plaintiffs and the class, judgment must be entered in Plaintiffs' favor and in favor of the Class as to Count II.

30.     Any other result would be entirely inconsistent with this Court's finding that "Defendants did not acquire the right to this interest and could not seek it from Plaintiffs." *Id*. at *4 (N.D. Ill. Sept. 24, 2018).

31.     The parties previously stipulated to resolve the merits of the claims prior to resolving class certification and Defendants specifically waived the rule against one-way intervention for all purposes in the litigation. (Dkt. No. 101-1); *See, Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057-58 (7th Circ. 2016).

32.     Based on the Court's finding that Defendants are not entitled to collect or enforce the interest waived prior to assignment, certification of the Count II class is now appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter Judgment in favor of Plaintiffs and the class as to Count II of the Complaint seeking declaratory and equitable relief and certify the Count II class.

Respectfully submitted,

s/Cassandra P. Miller
Cassandra P. Miller

Daniel A. Edelman
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## <u>CERTIFICATE OF SERVICE</u>

       I, Cassandra P. Miller, hereby certify that on October 9, 2018, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and notification of such filing was sent to the following parties:

**Matthew Stromquist**
mstromquist@pilgrimchristakis.com

**Anna Katrina Christakis**
achristakis@pilgrimchristakis.com

s/Cassandra P. Miller
Cassandra P. Miller

Daniel A. Edelman
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com